IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | * | |
| TONY ARNEL MASSENBURG, | | Bankruptcy No. 12-27073-TJC |
| Debtor | * | (Chapter 7) |
| | * * * | |
| ROGER SCHLOSSBERG, TRUSTEE | * | |
| 18421 Henson Blvd., Suite 201 | | |
| Hagerstown, MD 21742 | * | |
| Plaintiff | | |
| | * | |
| v. | | Adversary No. _____ |
| HATTIE L. MASSENBURG | * | |
| 13265 Tony Lane | | |
| Stony Creek, VA  23882-3209 | * | |
| Defendant | | |
| * * | * * * | |

**COMPLAINT TO AVOID AND RECOVER FRAUDULENT CONVEYANCES**

TO THE HONORABLE THOMAS J. CATLIOTA, UNITED STATES BANKRUPTCY
JUDGE:

COMES NOW Roger Schlossberg, Trustee, by and through his undersigned
counsel, Schlossberg & Mastro, and in support of his *Complaint to Avoid and Recover
Fraudulent Conveyances* (the "*Complaint*"), hereby respectfully represents as follows:

**Jurisdiction, Venue, *Etc*.**

1.  The instant bankruptcy case was commenced upon the filing by Tony Arnel
Massenburg (the "Debtor") of a *Voluntary Petition* under Chapter 11 of the Bankruptcy
Code on September 18, 2012 (the "Petition Date"), and an order for relief thereupon was
entered.

2.  By *Order Converting Chapter 11 Case to a Case Under Chapter 7* (the

"*Conversion Order*") of this Court dated November 13, 2013, said Chapter 11

proceedings were converted to a case under Chapter 7 of the Bankruptcy Code.

3.   This Court has jurisdiction over this adversary proceeding pursuant to 28

U.S.C. § 1334, 28 U.S.C. § 157 and United States District Court Local Rule 402.

Further, the instant adversary proceeding is a "core proceeding" as provided in 28 U.S.C.

§ 157(b)(2)(A), (H), and (O).  Pursuant to the provisions of Local Bankruptcy Rule 7012-

1(b), your Plaintiff/Trustee hereby consents to the entry of final orders or judgments by a

Judge of this Court.

4.  Included among the body of creditors in the administrative bankruptcy case are

numerous creditors holding unsecured claims allowable under 11 U.S.C. § 502 or

disallowable only under 11 U.S.C. § 502(e); which said creditors are authorized as a

matter of law to advance those causes of action detailed in Counts Three through Seven

of this *Complaint*.

**Parties**

5.  Upon conversion of the instant case from a proceeding under Chapter 11 to a

case under Chapter 7, your Plaintiff Roger Schlossberg duly was appointed Chapter 7

Interim Trustee.  Following the commencement of that Meeting of Creditors required by

11 U.S.C. § 341 on December 17, 2013 without the request by creditors for the election

of a trustee as permitted by 11 U.S.C. § 702(b) and (c), the appointment of your Plaintiff

ripened into that of permanent Chapter 7 Trustee pursuant to the provisions of 11 U.S.C.

§ 702(d).

6.  The Defendant Hattie L. Massenburg (the "Defendant Transferee") is the mother of the Debtor and resides at the address set forth in the caption hereof.

## Facts Common to All Counts

7.  Between September 18, 2009 and the Petition Date, and within three years before the Petition Date (hereinafter referred to as the "Transfer Period"), the Defendant Transferee and the Debtor maintained a jointly-titled bank account at Bank of America, N.A. bearing Account No. ******1674 (the "Account").

8.  During the Transfer Period, the Debtor routinely deposited his personal funds into the Account. Upon information and belief, those deposited funds thereafter were used by the Defendant Transferee for her sole benefit, including for the payment of various household and personal expenses incurred by and for the Defendant Transferee.

9.  During the Transfer Period, the Debtor transferred personal funds into the Account from other accounts titled in his name at Bank of America and at other financial institutions in an aggregate amount of not less than $53,172.90 (collectively, the "Transfers"), as set forth in the *Schedule of Transfers* attached hereto and incorporated by reference herein as "*Exhibit 1*."

## Count One
### Avoidance of Fraudulent Conveyances
### [11 U.S.C. § 548(a)(1)(A)]

10.  Your Plaintiff/Trustee hereby incorporates by reference in this Count One all of those allegations set forth above in Paragraphs 1-9, *supra*, as if fully set forth in the body of this Count One.

3

11.  The Debtor made a number of the aforesaid Transfers within two (2) years of the date of the filing of the *Voluntary Petition* herein and the Debtor made such Transfers with actual intent to hinder, delay, or defraud entities or persons to which the Debtor was or became, on or after the date that such Transfers were made, indebted.

WHEREFORE, your Plaintiff/Trustee prays that this Honorable Court:

1.  ORDER, pursuant to 11 U.S.C § 548(a)(1)(A), that the Transfers be AVOIDED.

2.  ORDER such other and further relief as the nature of this cause and the interests of justice may require.

## Count Two
### Avoidance of Fraudulent Conveyances
### [11 U.S.C. § 548(a)(1)(B)]

12.  Your Plaintiff/Trustee hereby incorporates by reference in this Count Two all of those allegations set forth above in Paragraphs 1-11, *supra*, as if fully set forth in the body of this Count Two.

13.  The aforesaid Transfers were made for a less than reasonably equivalent value in exchange for such Transfers.

14.  The Debtor was insolvent on that date that said Transfers were made, or became insolvent as a result of said Transfers.

15.  The Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonable small capital.

4

16.  The Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

WHEREFORE, your Plaintiff/Trustee prays that this Honorable Court:

1.  ORDER, pursuant to 11 U.S.C § 548(a)(1)(B), that the Transfers be AVOIDED.

2.  ORDER such other and further relief as the nature of this cause and the interests of justice may require.

### Count Three
### Avoidance of Fraudulent Conveyances
### [Md. Comm. Law Code §15-204]

17.  Your Plaintiff/Trustee hereby incorporates by reference in this Count Three all of the allegations set forth above in Paragraphs 1 through 16, *supra,* as if fully set forth in the body of this Count Three.

18.  The aforesaid Transfers were made without a fair consideration and, at the time said Transfers were made, the Debtor was insolvent or was rendered insolvent by said Transfers.

WHEREFORE, your Plaintiff/Trustee prays that this Honorable Court ORDER pursuant to 11 U.S.C. §544(b) and Maryland Commercial Law Code Annotated §15-204, that the Transfers be AVOIDED.

## Count Four
## Avoidance of Fraudulent Conveyances
## [Md. Comm. Law Code §15-205]

19.  Your Plaintiff/Trustee hereby incorporates by reference in this Count Four all of the allegations set forth above in Paragraphs 1 through 18, *supra,* as if fully set forth in the body of this Count Four.

20.  The aforesaid Transfers were made without a fair consideration and, at the time of said Transfers, the property remaining in the hands of the Debtor was an unreasonable small capital for a person engaged or about to engage in a business such as that of the Debtor.

WHEREFORE, your Plaintiff/Trustee prays that this Honorable Court ORDER pursuant to 11 U.S.C. §544(b) and Maryland Commercial Law Code Annotated §15-205, that the Transfers be AVOIDED.

## Count Five
## Avoidance of Fraudulent Conveyances
## [Md. Comm. Law Code §15-206]

21.  Your Plaintiff/Trustee hereby incorporates by reference in this Count Five all of the allegations set forth above in Paragraphs 1 through 20, *supra*, as if fully set forth in the body of this Count Five.

22.  The aforesaid Transfers were made by the Debtor without a fair consideration, and the Debtor made the Transfers with the intent or belief that it would incur debts beyond its ability to pay as the same matured.

WHEREFORE, your Plaintiff/Trustee prays that this Honorable Court ORDER

pursuant to 11 U.S.C. §544 (b) and Maryland Commercial Law Code Annotated §15-206,

that the Transfers be AVOIDED.

### Count Six
### Avoidance of Fraudulent Conveyance
### [Md. Comm. Law Code §15-207]

23.  Your Plaintiff/Trustee hereby incorporates by reference in this Count Six all

of the allegations set forth above in Paragraphs 1 through 22, *supra*, as if fully set forth in

the body of this Count Six.

24.  The aforesaid Transfers were made by the Debtor with the actual intent to

hinder, delay or defraud present or future creditors of the Debtor.

WHEREFORE, your Plaintiff/Trustee prays that this Honorable Court ORDER

pursuant to 11 U.S.C. §544 (b) and Maryland Commercial Law Code Annotated §15-207,

that the Transfers be AVOIDED.

### Count Seven
### Recovery of Avoided Transfer
### [11 U.S.C. § 550(a)(1)]

25.  Your Plaintiff/Trustee hereby incorporates by reference in this Count Seven

all of the allegations set forth above in Paragraphs 1-24, *supra*, as if fully set forth in the

body of this Count Seven.

26.  Pursuant to the provisions of 11 U.S.C. § 550(a)(1), your Plaintiff/Trustee is

entitled to recover the property transferred, or its value, from the Defendant/Transferee.

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable

Court:

7

1.  ORDER that the Plaintiff/Trustee recover the property transferred to the Defendant/Transferee in the aggregate amount of $53,172.90 together with interest accrued thereon calculated from the date of the Transfers through the date of judgment at the legal rate of 6% *per annum*.

2.  ORDER that the Defendant/Transferee forthwith turnover to the Plaintiff/Trustee the property transferred to her in the aggregate amount of $53,172.90 together with interest accrued thereon calculated from the date of the Transfers through the date of judgment at the legal rate of 6% *per annum*.

3.  ENTER judgment in favor of your Plaintiff/Trustee and against the Defendant/Transferee in the aggregate amount of $53,172.90 together with interest accrued thereon calculated from the date of the Transfers through the date of judgment at the legal rate of 6% *per annum*.

4.  ORDER such other and further relief as the nature of this cause and the interests of justice may require.

Respectfully submitted,

SCHLOSSBERG & MASTRO

Dated: November 12, 2014                     By:___*/s/ Roger Schlossberg*_____
                                                        Roger Schlossberg
                                                        Frank J. Mastro
                                                        18421 Henson Blvd., Suite 201
                                                        Hagerstown, MD 21742
                                                        (301) 739-8610

                                                        Attorneys for Plaintiff/Trustee